| | | |
|---|---|---|
| TINA WENKE and WENKE DESIGN, LLC d/b/a WENKE DESIGN STUDIO, | § § § | |
| Plaintiff, | § § | Case No. 3:24-cv-00877 |
| v. | § § | Chief Judge Campbell |
| DOLLAR GENERAL CORPORATION, DOLGENCORP, LLC, and BIG TREE SALES, INC. d/b/a BIG TREE | § § § § | Magistrate Judge Frensley |

# MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COUNTS IX AND X WITH PREJUDICE

DOLLAR GENERAL CORPORATION,
DOLGENCORP, LLC, and
BIG TREE SALES, INC., d/b/a BIG TREE

Stephan R. Wright (#031494)
Shane V. Cortesi (#029785)
**WRIGHT, CORTESI & GILBREATH**
2030 Hamilton Place Blvd., Ste 240
Chattanooga, TN 37415
Telephone: (423) 826-6919
Facsimile: (423) 826-6929
swright@wcglegal.com
scortesi@wcglegal.com

*Counsel for Defendants*

# TABLE OF CONTENTS

SUMMARY OF THE ARGUMENT ........................................................................................... 1

RELEVANT FACTS AND PROCEDURAL HISTORY ........................................................... 2

ARGUMENT ................................................................................................................................. 3

    I.    Legal Standard. ........................................................................................................ 3

    II.   Because Plaintiffs did not manufacture the products, they have no claims for Reverse Passing Off. ................................................................................................ 3

        a.   Plaintiffs are not manufacturers of tangible goods. ........................................... 4

        b.   Defendants did not falsely represent the origin of the infringing products. ..... 5

    III.  Plaintiffs' "passing off" claim fails because Defendants did not put Plaintiffs' trademarks on Defendants' products. ................................................................... 6

        a.   Plaintiffs do not produce any goods or services for Ms. Wenke's trademark to distinguish. ........................................................................................................ 7

        b.   Defendants do not use a "colorable imitation" of Ms. Wenke's trademark, nor are Defendants' products identical or closely related to Plaintiffs' products. ........................................................................................................... 8

    IV.  Plaintiffs' claims are time-barred under the applicable statute of limitations. ................................................................................................................................. 10

CONCLUSION ............................................................................................................................11

# SUMMARY OF THE ARGUMENT

Plaintiffs, Tina Wenke ("Ms. Wenke") and Wenke Design, LLC, d/b/a Wenke Design Studio ("Wenke Design") (collectively "Plaintiffs") assert claims for reverse passing off (Count IX) and passing off (Count X) under the Lanham Act against Defendants, Dollar General Corporation ("Dollar General"), Dolgencorp, LLC ("Dolgencorp"), and Big Tree Sales, Inc. d/b/a Big Tree ("Big Tree") (collectively "Defendants"). However, for the following reasons, both claims are fatally flawed and barred by the statute of limitations.

- Plaintiffs fail to state a claim for Reverse Passing Off because they do not manufacture any tangible product, and merely possessing intellectual property rights obtained via registered trademarks is insufficient to sustain a Reverse Passing Off claim.

- Plaintiffs' claim for Passing Off cannot stand because Plaintiffs have not alleged sufficient facts demonstrating that Defendants counterfeited or mislabeled its products with Plaintiffs' marks to piggyback off its brand; rather, Plaintiffs only offer speculative and vague claims of confusion without identifying any specific counterfeit goods, likelihood of confusion, or even a product that Plaintiffs manufacture.

- Counts IX and X, as they relate to the Bee Design (defined below), are time-barred because the Complaint was filed after Ohio's two-year statute of limitations that governs Plaintiffs' claims for harm to personal property had run.

For these reasons, as further explained below, Defendants request this Court grant Defendants' Partial Motion to Dismiss and dismiss Counts IX and X of Plaintiffs' Complaint.

## RELEVANT FACTS AND PROCEDURAL HISTORY

Plaintiffs alleged that Ms. Wenke created the two pieces of Artwork in 2017 titled WDS 1861 Bee and Sunflowers (the "Bee Design") and WDS 1721 Sunflower and Ladybugs (the "Ladybug Design") (collectively the "Copyrighted Works"). (Doc. No. 1[1] at 4 ¶¶ 16–17.) Ms. Wenke holds a copyright registration certificate for the Copyrighted Works. (Complaint, Ex. B (1-2) and Ex. D (1-4).) The effective date of registration for the Bee Design was August 3, 2021. (Complaint at 4 ¶ 15.) The effective date of registration for the Ladybug Design was March 10, 2023. (*Id.* ¶ 17.)

Ms. Wenke allegedly licensed the Copyrighted Works either through Wenke Design as her licensing agent, or by licensing it to Wenke Design, who in turn sublicensed the Copyrighted Works. (*Id.* at 5 ¶ 18.) Since early 2019, the Bee Design was sold in connection with the trademark STUDIO RAMONA, which appears on the goods sold in connection therewith by Custom Décor, a licensee. (*Id.* ¶ 24.) Later, on August 1, 2021, Ms. Wenke discovered the Bee Design being sold on Dollar General products. (*Id.* at 7 ¶ 29; Complaint Ex. G (1-7).) And then on February 13, 2023, Ms. Wenke discovered the Ladybug Design being sold on Dollar General products. (Complaint at 7 ¶ 31; Complaint Ex. J (1-10).)

But it was not until nearly three (3) years after Plaintiffs' initial discovery of the initial alleged bad acts that Plaintiffs filed their Complaint on July 19, 2024, which included ten (10) counts,[2] two of which (Count IX: False Designation of Origin (Reverse Passing Off), and Count

---

[1] Moving forward, all citations to the Complaint will be indicated by "Complaint."
[2] (I) Direct Copyright Infringement—Bee Design; (II) Direct Copyright Infringement—Ladybug Design; (III) Direct Copyright Infringement—Bee Design; (IV) Direct Copyright Infringement—Ladybug Design; (V) Vicarious Copyright Infringement; (VI) Vicarious Copyright Infringement; (VII) Vicarious Copyright Infringement; (VIII) Violation of DMCA; (IX) False Designation of Origin (Reverse Passing Off); and (X) False Association (Passing Off).

X: False Association (Passing Off)), are the subject of this Partial Motion to Dismiss. As set forth below, Defendants respectfully request this Court dismiss these two claims with prejudice.

## ARGUMENT

### I. Legal Standard.

To survive a dismissal under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "When determining whether the complaint meets this standard, the Court must accept the complaint's factual allegations as true, draw all reasonable inferences in the plaintiff's favor, and 'take all of those facts and inferences and determine whether they plausibly give rise to an entitlement to relief.'" *Spann v. Carter*, 2024 U.S. Dist. LEXIS 89295, at *3 (M.D. Tenn. May 17, 2024) (*citing Doe v. Baum*, 903 F.3d 575, 581 (6th Cir. 2018). And "[w]hile the complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions" or "a formulaic recitation of a cause of action's elements[.]" *Ryan v. Blackwell*, 979 F.3d 519, 524 (6th Cir. 2020) (internal quotation marks omitted) (*quoting Twombly*, 550 U.S. at 548).

Importantly here, the filing of this Partial Motion to Dismiss suspends the Defendants' obligation to respond to the remainder of the Complaint until the Court has ruled on the Defendants' Partial Motion to Dismiss. *B.H.T. v. Sumner Cty. Bd. of Educ.*, 2020 U.S. Dist. LEXIS 260373, *3 (M.D. Tenn. Dec. 30, 2020); Fed. R. Civ. P. 12(a)(4).

### II. Because Plaintiffs did not manufacture the products, they have no claims for Reverse Passing Off.

In Count IX, Plaintiffs allege violations of reverse passing off, which is a form of trademark infringement under the Lanham Act. 15 U.S.C. § 1125(a)(1)(A). In a reverse passing off claim, "a

3

firm sells someone else's goods or services, misrepresenting them as its own." *Kehoe Component Sales Inc. v. Best Lighting Prods.*, 796 F.3d 576, 586 (6th Cir. 2015). "[I]n the context of a reverse passing off claim, use of a trademark makes a representation regarding only the product's physical origin, **not its intellectual ancestry**." *Id.* at 587 (emphasis added). "An entity makes a false designation of origin sufficient to support a reverse passing off claim only where it falsely represents the product's geographic origin or represents that it has manufactured the tangible product that is sold in the marketplace when it did not in fact do so." *Id.* (*citing Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 31 (2003)).

Crucially, for a reverse passing off claim to be valid, a plaintiff must demonstrate that it is the manufacturer of the physical goods or products that were allegedly misrepresented. *See Kehoe*, 796 F.3d at 588–89 (citation omitted); *See also Dastar*, 539 U.S. at 30 (making clear reverse passing off applies when a defendant falsely represents the geographic origin of goods or services, specifically concerning the manufacturing of those goods). Plaintiffs have not alleged any facts indicating they manufactured the products in question, and this claim must fail as a result.

    a. **Plaintiffs are not manufacturers of tangible goods.**

Nowhere in the Complaint do Plaintiffs allege Ms. Wenke or her licensee, Custom Décor, made the infringing product; rather, the claim is based upon the allegations that Defendants cropped Ms. Wenke's images and used the cropped images to make their own flags that Big Tree sold to Dollar General. (*Id.* at 7 ¶¶ 29, 31.) By Plaintiffs' own admission, they are not manufacturers of the tangible product—Ms. Wenke is a graphic design artist and Wenke Designs is her licensing agent. (*Id.* at 3, 5 ¶¶ 13, 18.) Furthermore, the Complaint alleges that "[u]pon information and belief, Dollar General and/or Dolgencorp applied Dollar General's TRUE LIVING trademark to Ms. Wenke's designs and sold them as their own in interstate commerce." (*Id.* at 16 ¶ 27.) And the Complaint further states that "[p]roducts bearing unauthorized copies of

the Bee Design [and Ladybug Design] . . . were sold under the brand TRUELIVING [sic] at Dollar General Stores." (*Id.* at 7 ¶¶ 29, 31.)

In other words, Plaintiffs' Complaint fails to satisfy this essential requirement for a reverse passing off claim—manufacturing a tangible product and that the geographic origin of the tangible product was falsely represented.

### b. Defendants did not falsely represent the origin of the infringing products.

In addition to failing to allege Plaintiffs are manufacturers, there is no claim for reverse passing off because Plaintiffs do not allege Defendants misrepresented the origin of the tangible products. As the Sixth Circuit has made clear, "a manufacturer does not falsely designate a product's origin under the Lanham Act if it makes an exact replica of someone else's item and labels the item as its own." *Kehoe*, 796 F.3d at 589.

In *Kehoe*, the alleged infringer made a "cloned" copy of the plaintiff's products, even using the same tooling. *Id.* at 585. However, the Sixth Circuit held the district court should have dismissed the claim on the pleadings. *Id.* at 596. In particular, the court stated:

> Taking tangible goods and reselling them as your own constitutes a Lanham Act violation; taking the intellectual property contained in those goods and incorporating it into your own goods does not. . . . Because the person or entity that originated the ideas embodied in a good or service is not the origin of the good or service for purposes of § 43(a), a manufacturer does not falsely designate a product's origin under the Lanham Act if it makes an exact replica of someone else's item and labels the item as its own.

*Id*. at 587–89 (citations omitted).

Here, Plaintiffs assert only ownership over the intellectual property. As Plaintiffs have only alleged that Ms. Wenke is a designer of two-dimensional artwork and Wenke Design is her licensing agent, they have failed to properly allege that Defendants misrepresented the origin of the infringing products. Thus, because Plaintiffs do not manufacture tangible goods and merely

own the intellectual property (which is not considered the origin of a tangible product for purposes of § 43(a)), Claim IX for reverse passing fails and should be dismissed.

### III. Plaintiffs' "passing off" claim fails because Defendants did not put Plaintiffs' trademarks on Defendants' products.

In Count X, Plaintiffs allege violations of "passing off," which is a form of trademark infringement under the Lanham Act. 15 U.S.C. § 1125(a)(1)(A). The claim of "passing off" addresses false designations of origin and false advertising—i.e., counterfeit production. 15 U.S.C. § 1125(a). "Passing off" occurs when a 'firm puts someone else's trademark on its own (usually inferior) goods.'" *Kehoe*, 796 F.3d at 586 (citation omitted). Similarly, "Passing Off involves [a] defendant's use of [a] plaintiff's well-known product name, symbol, or familiar packaging to attract the public to the product under the assumption that it is the plaintiff's product which is bought." *Frisch's Rests., Inc. v. Elby's Big Boy of Steubenville, Inc.*, 670 F.2d 642, 647 (6th Cir. 1982). The well-known example from the Supreme Court is if Coca-Cola tried to pass off its product as Pepsi's. *See Dastar*, 539 U.S. at 32. But even then, "passing off" is only a violation of the Lanham Act if it causes a likelihood of confusion. 15 U.S.C. § 1125(a)(1)(A).

The Sixth Circuit has recognized "passing off" as a viable form of trademark infringement under the Lanham Act, where the plaintiff alleges (and ultimately must prove) that the defendant's use of a mark or symbol is likely to cause confusion regarding the source or sponsorship of the counterfeit goods. *See GMC v. Lanard Toys, Inc.*, 468 F.3d 405, 412 (6th Cir. 2006); *See also Johnson v. Jones*, 149 F.3d 494, 502 (6th Cir. 1998). In determining whether a defendant uses a "colorable imitation" of a trademark, "the test is 'whether the alleged infringing trade-mark [sic] or label, taken as a whole, so far resembles the other mark or label as to be likely to be mistaken for it by the casual or unwary purchaser.'" *Coca-Cola Co. v. Carlisle Bottling Works*, 43 F.2d 119, 120 (6th Cir. 1930) (*quoting Western Oil Ref. Co. v. Jones*, 27 F.2d 205, 206 (6th Cir. 1928)).

When determining if a likelihood of confusion exists between the origins of the parties' good or services, the Sixth Circuit follows the following eight-factor test:

> (1) the strength of the plaintiff's mark; (2) the relatedness of the goods [or services offered by the parties]; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) likely degree of purchaser care; (7) defendant's intent in selecting the mark; and (8) the likelihood of expansion of the product lines.

*Frisch's*, 670 F.2d at 648.

As stated, for a "passing off" claim to be valid, a plaintiff is required to prove a likelihood of confusion between a defendant's product and said plaintiff's product as to source, sponsorship, or approval. *See GMC v. Lanard Toys, Inc.*, 468 F.3d 405, 412 (6th Cir. 2006). In this case, Plaintiffs fail to even allege facts that, if true, would prove a likelihood of confusion between the Defendants' products and the Plaintiffs' products as to source, sponsorship, or approval. (Complaint at 17–19 ¶¶ 34–43.) To be sure, Plaintiffs' "passing off" claim essentially rests on three allegations: (1) Ms. Wenke's trademark is a distinctive source indicator for her goods and services (*id.* at 17–18 ¶ 35); (2) Defendants' products bear a colorable imitation of Ms. Wenke's trademark (*id.* at 18 ¶ 36); and (3) Defendants' products are identical and/or closely related to the products sold in connection with Ms. Wenke's trademark. (*Id.* ¶ 37.) But neither of these is enough to sustain Plaintiffs' "passing off" claim, let alone to satisfy any of the *Frisch's* factors.

### a. Plaintiffs do not produce any goods or services for Ms. Wenke's trademark to distinguish.

Ms. Wenke asserts that TINA WENKE is a distinctive source indicator for her goods and services. (*Id.* at 17–18 ¶ 35.) But it is clear from the Complaint that neither Ms. Wenke nor Wenke Designs manufacture a product or provide any services. So, Plaintiffs have no goods/products that have been infringed (nor do they allege they provide any infringed services), they do not have a viable claim. Thus, because Plaintiffs do not manufacture goods, Ms. Wenke's trademark can only

7

be distinctive to her intellectual property, not any goods, which dooms her claim. *Kehoe*, 796 F.3d at 587.

      **b.    Defendants do not use a "colorable imitation" of Ms. Wenke's trademark, nor are Defendants' products identical or closely related to Plaintiffs' products.**

Plaintiffs assert Defendants sold products bearing a "colorable imitation" of the TINA WENKE trademark, but they do not provide sufficient details about how this caused confusion amount consumers, nor do they allege that Defendants passed off their own goods as those of Plaintiffs. (*Id.* at 18 ¶¶ 36–37). This makes sense given the alleged "trademark" on the products is illegible and in no way bears any resemblance to Plaintiffs' distinctive TINE WENKE trademark. (*Compare* Complaint Ex. A (1-1) *against* Ex. E (1-5) and Ex. C (1-3) *against* Ex. H (1-8)).

In *Frisch's Rests.*, the Sixth Circuit Court of Appeals established that the focus is on likelihood of confusion. *See Frisch's Rests., Inc. v. Elby's Big Boy of Steubenville, Inc.*, 670 F.2d 642, 648 (6th Cir. 1982). "The more distinct a mark, the more likely is the confusion resulting from its infringement." *NetJets Inc. v. IntelliJet Grp., LLC*, 678 F. App'x 343, 351 (6th Cir. 2017) (citation omitted). In other words, if a trademark is not clear or legible, it significantly undermines a Plaintiffs' argument for passing off. *See NetJets Inc.*, 678 F. App'x at 351.

The comparison between Plaintiffs' and Defendants products can be seen on the following page:



Exhibit A (1-1)—Plaintiff[3]       Exhibit E (1-5)—Defendant



Exhibit C (1-3)—Plaintiff       Exhibit H (1-8)—Defendant

As can be seen above, Defendants' alleged use of Plaintiffs' trademarks on the products in question is not recognizable in the slightest. In fact, it would be a significant stretch of the imagination to say otherwise (i.e., not plausible). Any trademark Plaintiffs allege Defendants used is not clear or legible, let alone a "colorable imitation." Thus, the trademarks, or the lack thereof, of Defendants' products do not rise to the level of a recognizable trademark that could mislead consumers, and there can be no likelihood of confusion regarding the goods in question, as a matter of law. *NetJets*, 678 F. App'x at 351.

---

[3] The following photos are not entire exhibits that are attached to the Complaint, they are only the relevant portions. Each picture used is a true and accurate copy of the lower right-hand corner of each exhibit.

Because Defendants' products do not contain a "colorable imitation" of Ms. Wenke's trademark, there is no likelihood of confusion among purchasers. Claim X in the Complaint should therefore be dismissed.

### IV. Plaintiffs' claims are time-barred under the applicable statute of limitations.

The Lanham Act does not have a specific statute of limitations. *See Kehoe*, 796 F.3d at 584. "[D]etermining whether a Lanham Act claim is time-barred depends upon the defendant's ability to show that the claim is barred by laches." *Id*. (citation omitted). Laches is defined as the "negligent and unintentional failure to protect one's rights." *Nartron Corp. v. STMicroelectronics, Inc.*, 305 F.3d 397, 408 (6th Cir. 2002). Typically, to establish laches, a party must demonstrate two things: (1) that the other party failed to act diligently; and (2) that this delay caused prejudice to the party asserting laches. *Kehoe*, 796 F.3d at 584 (citation omitted). And for Lanham Act claims, the laches period starts once the plaintiff has "actual or constructive knowledge of the alleged infringing activity." *Id*. To be sure,

> If plaintiff has filed its Lanham Act claim within the time that it would have been required to file in the forum state a state-law claim for injury to personal property, then the plaintiff's delay in asserting its rights is presumptively reasonable. **But a delay beyond the analogous limitations period 'is presumptively prejudicial and unreasonable**.'"

*Id.* (citation omitted) (emphasis added).

Under Tennessee law, the statute of limitations applicable to a cause of action that accrues outside the state may be determined by the borrowing statute (Tenn. Code Ann. § 28-1-112), which provides: "Where the statute of limitations of another state or government has created a bar to an action upon a cause accruing therein, while the party to be charged was a resident in such state or such government, the bar is equally effectual in this state." *Id.* As alleged in the Complaint, Plaintiffs became aware of Defendants' alleged infringement of the Bee Design on August 1, 2021, (Complaint at 7 ¶ 29), and further allege this occurred when Ms. Wenke purchased Defendants'

10

Case 3:24-cv-00877    Document 22    Filed 10/07/24    Page 12 of 15 PageID #: 124

product that allegedly infringed the Bee Design in a Dollar General store in Ohio—the state in which each Plaintiff resides. (*Id.* at 2, 7 ¶¶ 2–3, 29). The Ohio statute of limitations therefore controls.

In Ohio, the statute of limitations for claims involving injury to personal property (which is what is alleged) is two (2) years. Ohio Rev. Code § 2305.10. And the general rule for Ohio is that the statute of limitations commences and begins to run when the tortious act occurs. *LGR Realty, Inc. v. Frank & London Ins. Agency*, 98 N.E.3d 241, 245. However, "[w]hen an injury does not manifest itself immediately, the cause of action does not arise until the plaintiff knows or by the exercise of reasonable diligence should have known, that plaintiff has been injured by the conduct of the defendant, for purposes of the statute of limitations." *Id.* (citation omitted).

As stated, Plaintiffs allege they obtained actual knowledge of Defendants' alleged infringement of the Bee Design in August of 2021, which means they had two (2) years from that date (August 31, 2023, at the latest) to file suit for any alleged harm. Yet Plaintiffs waited almost three (3) full years before filing their Complaint. Plaintiffs' claims relating to any alleged infringement of the Bee Design are thus barred because Plaintiffs filed their Complaint after the Ohio statute of limitations expired, and the same should be dismissed.

## **CONCLUSION**

For the reasons above, the Court should dismiss Count IX and X of Plaintiffs' Complaint with prejudice.

Submitted, this 7th day of October 2024.

Respectfully submitted,

/s/ *Stephan R. Wright*
Stephan R. Wright (#031494)
Shane V. Cortesi (#029785)
**WRIGHT, CORTESI & GILBREATH**
2030 Hamilton Place Blvd., Ste 240
Chattanooga, TN 37421
Telephone: (423) 826-6919
Facsimile: (423) 826-6929
swright@wcglegal.com
scortesi@wcglegal.com

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that the foregoing has been filed electronically with the Clerk of the United States District Court for the Middle District of Tennessee, Nashville Division, using the Court's CM/ECF system, which shall send notification or such filing to all counsel of record. Further notice was sent via electronic correspondence to the following:

Kimberly M. Ingram-Hogan, Esq.
Bradley Arant Boult Cummings LLP
1221 Broadway, Suite 2400
kingram@bradley.com

Amy B. Berge, Esq.
Grey Ice Higdon
3939 Shelbyville Road, Suite 201
Louisville, KY 40207

Robert J. Theuerkauf, Esq.
Grey Ice Higdon
3939 Shelbyville Road, Suite 201
Louisville, KY 40207


This 7th day of October 2024.

    /s/ *Stephan R. Wright*
        Stephan R. Wright