IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TINA WENKE and WENKE DESIGN, L.L.C. d/b/a WENKE DESIGN STUDIO,<br><br>    Plaintiffs,<br><br>v.<br><br>DOLLAR GENERAL CORPORATION, et al.,<br><br>    Defendants. | NO. 3:24-cv-00877<br><br>JUDGE CAMPBELL<br>MAGISTRATE JUDGE FRENSLEY |

## MEMORANDUM AND ORDER

Pending before the Court is Defendants' Motion to Dismiss Counts IX and X of Plaintiffs' First Amended Complaint (Doc. No. 29), filed under Federal Rule of Civil Procedure 12(b)(6), which has been fully briefed and is ripe for resolution. (*See* Doc. Nos. 33, 34, 37). For the reasons stated herein, the motion is **DENIED**.

In reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). To survive such a motion, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*.

In the present case, Plaintiffs bring claims against Defendants for copyright infringement and for violations of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A). Through the pending motion, Defendants only seek dismissal of Plaintiffs' Lanham Act claims for "reverse passing off" (Count IX) and "passing off" (Count X). "The Lanham Act covers trademark infringement as well as a host of other deceptive practices that might loosely be termed 'unfair competition.' One such form of unfair competition is the false designation of origin." *Johnson v. Jones*, 149 F.3d 494, 502 (6th Cir. 1998). The Court will address Defendants' arguments for dismissal of these counts in turn.

### A. Count IX – False Designation of Origin ("reverse passing off")

"'[R]everse passing off' occurs when a producer misrepresents someone else's goods or services as his own." *Vanderbilt Univ. v. Scholastic, Inc.*, 382 F. Supp. 3d 734, 754 (M.D. Tenn. 2019) (citing *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 27 (2003)). "A Lanham Act claim for false designation of origin must contain two elements: (1) the false designation must have a substantial economic effect on interstate commerce; and (2) the false designation must create a likelihood of confusion." *Johnson v. Jones*, 149 F.3d 494, 502 (6th Cir. 1998); *see also* 15 U.S.C. § 1125(a)(1)(A).

Defendants argue the FAC fails to state a claim upon which relief can be granted because it fails to allege that Plaintiffs manufactured the products at issue. (*See* Doc. No. 30 at 6 ("Indeed, Plaintiffs have not alleged that they manufacture any tangible goods, let alone the ones at issue.")). Defendants do not support this argument with citations to cases at the pleading stage, but rather direct the Court to cases at summary judgment and after a bench trial. Moreover, neither of the cases cited by Defendants stand for the proposition that only manufacturers may bring false designation of origin claims as Defendants appear to suggest. Accordingly, the Court is not

2

persuaded that the FAC fails to state a claim for "reverse passing off" in violation of 15. U.S.C. § 1125(a)(1)(A), as alleged in Count IX.

    B. **Count X – False Association ("passing off")**

"…'[P]assing off,' … occurs when a producer misrepresents his own goods or services as someone else's." *Vanderbilt Univ.*, 382 F. Supp. 3d at 754 n.9 (citing *Dastar Corp.*, 539 U.S. at 27). Defendants attack this claim by drawing attention to exhibits to the FAC and arguing that the FAC equivocates concerning use of Plaintiffs' mark, so they "cannot plausibly allege that consumers would be likely to confuse" the competing products. (Doc. No. 30 at 7-8). Putting aside how Defendants characterize the allegations in the FAC, the Court has reviewed the factual allegations and, as it must, accepts them as true. Further, Defendants argue in their reply that "[n]o consumer would be confused" about the origin of Defendants' products. Whether that is true is immaterial at this stage and asks the Court to make a factual finding in Defendants' favor, which it cannot do.

Having reviewed the allegations in the FAC, notwithstanding Defendants' creative attempts to recast the facts – in direct contradiction of the well-established Rule 12(b)(6) standard – the Court finds that the Plaintiffs have stated a claim upon which can be granted for "passing off" in violation of 15. U.S.C. § 1125(a)(1)(A), as alleged in Count X.

    It is so **ORDERED**.

                                                                           WILLIAM L. CAMPBELL, JR.
                                                                          CHIEF UNITED STATES DISTRICT JUDGE